618 P.2d 1233

Guy M. BOWERS, Plaintiff–Appellant,

v.

Wayne W. WOOD and Doug Bass,
Defendants–Appellees,

and

G. Lynn Martin and Reva J. Martin, his
wife, Cross–Defendants–Appellants.

No. 12724.

Supreme Court of New Mexico.

Sept. 4, 1980.

Mel B. O'Reilly, Lee Huckstep, Ruidoso,
for appellants.

Gordon H. Schnaufer, Ronald G. Harris,
Ruidoso, for defendants–appellees.

## OPINION

SOSA, Chief Justice.

Guy Bowers and the Martins (purchasers)
entered into a contract with Wood and Bass
(sellers) to buy "the business known as the
Texas Club." Bowers paid the sellers $10,-
000.00 in earnest money. The sale was not
consummated, and Bowers sued the sellers
for breach of contract, seeking return of
the earnest money. Wood then counter-
claimed against the purchasers for specific
performance. The trial court found that
Bowers was not entitled to a return of his
earnest money, and dismissed Wood's coun-
terclaim for specific performance. The pur-
chasers appeal. We affirm.

The first three points purchasers
raise on appeal essentially claim that there

is no substantial evidence to support the trial court's finding that the parties did not contract to transfer the club liquor license belonging to the Texas Club, Inc., a non-profit corporation distinct from "the business known as the Texas Club." The purchasers argue that the agreement contemplated the sale of the club liquor license; that by law the club license was not transferable and that the agreement was therefore void.

We find that there is substantial evidence that the parties did not intend to transfer ownership of the club liquor license. It is clear from the record that the trial court considered the contract ambiguous and allowed testimony on the intent of the parties. There is evidence in the record that the purchasers knew the sellers did not own the club liquor license, and thus a transfer of its ownership was not contemplated.

■ The purchasers raise two points to the effect that the court erred in refusing to find that the sellers represented that they intended to transfer the liquor stock of the Texas Club, Inc., when in fact they knew they could not do so because they did not own the liquor stock. They argue that this renders the contract void. We find substantial evidence in the record that a transfer of the liquor stock was not intended by the parties to the contract.

■ The purchaser next state that the trial court erred in refusing to find that Wood was to have caused Lynn Martin to be designated Agent–Manager of the Texas Club. Both parties agree that the agreement contemplated that Mr. Martin would be designated Agent–Manager of the Club. It is clear from the record that this was not done and was not attempted. The sellers argue, however, that the purchasers breached by refusing to follow through on the transaction prior to the time when the designation was to have been made. We agree. There is substantial evidence that the purchasers did not follow through on the transaction because they could not obtain adequate financing, and that their refusal to complete the transaction was not due to any action or inaction on the part of the sellers. The refusal of the trial court to enter findings that Martin was to be designated Agent–Manager is not error, because such findings were not necessary to support the conclusions of law, and were not contrary to the conclusions of law entered by the trial court. *See United Veterans Org. v. New Mexico Prop. App. Dept.*, 84 N.M. 114, 500 P.2d 199 (Ct.App.1972).

■ The purchasers next claim that the court erred in refusing to find that the sale of "the business known as the Texas Club" constituted the sale of substantially all of the assets of the Texas Club, Inc.; that such a sale required the approval of the members of the Texas Club, Inc., and that the members never approved such a sale. The evidence and findings indicate that the parties contemplated the sale only of assets owned by the sellers, and not assets of the Texas Club, Inc. No approval by the members was necessary.

■ The last point we consider is whether the court properly found that the contract provided for a forfeiture of the earnest money in the event the purchasers refused or failed to consummate the purchase. The contract and the testimony is clear on this point. There is substantial evidence to support the trial court's finding.

The judgment of the trial court is affirmed.

FEDERICI and FELTER, JJ., concur.